**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **RUBEN ROSADO,** | **Civil Action No. 19-17220 (FLW)** |
| **Petitioner,** | |
| **v.** | **OPINION** |
| **UNITED STATES OF AMERICA,** | |
| **Respondent.** | |

Petitioner Ruben Rosado has been granted permission by the Third Circuit to proceed with a second or successive motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  ECF No. 1.  For the reasons explained below, the Court denies the motion and also denies a certificate of appealability.

I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On November 20, 2007, Rosado was charged via Complaint with the November 10, 2007 armed robbery of the Investors Savings Bank in Piscataway, New Jersey, in violation of 18 U.S.C. §§ 2113(a), 2113(d), and 2.[1]  *See* Crim. No. 08-0284, Dkt. No. 1. On April 16, 2008, a federal grand jury returned an Indictment charging Rosado with the armed robbery of the Investors Savings Bank, in violation of 18 U.S.C. §§ 2113(a), 2113(d), and 2, and possessing and brandishing a firearm in furtherance of the robbery, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2.  Dkt. No. 32.

On November 12, 2008, a federal grand jury returned a Superseding Indictment charging Rosado with 28 counts relating to the home invasion of a residence in Pennsylvania and the

---

[1] Rosado committed the armed robbery with Michael Green.

robbery of numerous businesses in New Jersey: CardSmart, Speedy Check Cashing, Rahway Savings Bank, Wachovia Bank, Unity Bank, Bank of America, Columbia Savings Bank, PNC Bank, and Investors Savings Bank. *See* Dkt. No. 71. Among other things, the Superseding Indictment charged Rosado with thirteen Section 924(c) violations due to the possession and brandishing of a firearm in furtherance of numerous robberies, which subjected Rosado to the potential for thirteen mandatory consecutive terms of imprisonment on top of the underlying sentences. *See* 18 U.S.C. § 924(c).

The Government and Rosado reached a plea agreement dated November 25, 2008 (the "Plea Agreement"). Under the Plea Agreement, Rosado agreed to plead guilty to three counts in the Superseding Indictment. *See* Dkt. No. 77. Specifically, on December 8, 2008, Rosado pled guilty to Count One, which charged Rosado with conspiracy to commit Hobbs Act robberies in violation of 18 U.S.C. § 1951(a); Count Twenty-Five, which charged Rosado with armed bank robbery in violation of 18 U.S.C. §§ 2113(a), 2113(d), and 2, in connection with the November 10, 2007 armed robbery of the Investors Savings Bank in Piscataway, New Jersey; and Count Twenty-Six, which charged Rosado with possession and brandishing of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 924(c)(1)(C)(i), and 2. *Id.* Importantly, Count Twenty-Six did not predicate the section 924(c) charge on the conspiracy to commit Hobbs Act robbery charged in Count One. Rather, Count Twenty-Six predicated the Section 924(c) offense on the armed robbery that was charged in Count Twenty-Five. *See* Superseding Indictment at p. 33.

The Plea Agreement also required Rosado to admit that he committed all of the robberies described in the Superseding Indictment, and stipulated that those robberies could be taken into account by the Court at the time of sentencing. *See* Plea Agreement, Schedule A at ¶ 2. Rosado

also agreed that each of the robberies either involved a firearm or caused bodily injury to an employee.  *See id.* ¶¶ 3-86; *see also* Presentence Investigation Report ("PSR") at ¶¶ 42-112.  Rosado also admitted to stealing and damaging multiple vehicles for use in robberies, making criminal sexual contact with female victims during robberies, targeting an elderly victim during the CardSmart robbery, and pointing a firearm at a toddler and threatening to kill the toddler during the Pennsylvania home invasion robbery.  Plea Agreement at ¶ 91; *see also* PSR ¶ 91.

In exchange, the Government agreed both to dismiss the remaining counts in the Superseding Indictment and not to initiate further criminal charges relating to the robberies. Significantly, the Plea Agreement allowed Rosado to enter a guilty plea without facing twelve of the Section 924(c) violations to which the Superseding Indictment exposed him.  Plea Agreement at 1-2.  In addition, the Plea Agreement contained a detailed "Schedule A" that set forth agreed-upon stipulations regarding the offense conduct, the applicable sentencing guidelines, and a waiver of Rosado's right to appeal if the sentencing court imposed a sentence within the agreed-upon Guidelines offense level.  *See id.* at Schedule A.  Specifically, Schedule A provided that Rosado admitted to participating in fourteen different robberies or attempted robberies in Pennsylvania and New Jersey.  *Id.*

Both Rosado and the Government negotiated a stipulation that prevented either party from arguing for a sentence higher or lower than the agreed-upon Guidelines range.  The parties agreed that a sentence that fell within the Guidelines range resulting from adding 84 months to the minimum and maximum range for an offense level 37 was reasonable.  *Id.* at ¶¶ 92-93. Accordingly, the Plea Agreement prohibited the Government from seeking any sentence above 377 months, while it prohibited Rosado from asking for any sentence below 319 months.  *Id.*

The Plea Agreement also contained an appellate and collateral attack waiver. *Id.* at ¶ 94; *see also id.* at 4-5.

In this case, the United States Probation Office agreed with the Guidelines calculations contained in the Plea Agreement. As set forth in the final PSR, Rosado faced a total offense level of 37, which, when combined with the consecutive 84-month sentence for the Section 924(c) count, resulted in an advisory Guidelines range of 319 to 377 months. *See* PSR ¶ 581. The Probation Office also concurred with the stipulations set forth in the Plea Agreement. *Id.* ¶ 583.

Rosado pleaded guilty on December 8, 2008, and during his plea hearing, Rosado admitted, consistent with the Plea Agreement, that he and Michael Green robbed the Investors Savings Bank in Piscataway, New Jersey on November 10, 2007, and that both he and Green displayed handguns during and in furtherance of the robbery. *See* Dkt. No. 79, Plea Transcript at 49-50.

Rosado was sentenced on January 11, 2010. Dkt. No. 82. The Honorable Joel A. Pisano sentenced Rosado to a term of imprisonment of 334 months, with 240 months on Count One and 250 months on Count Twenty-Five to run concurrently, and 84 months on Count Twenty-Six to run consecutively with Counts One and Twenty-Five. *Id.* Rosado was also sentenced to a term of supervised release of five years. *Id.* Rosado did not file a direct appeal, and thus his conviction became final on January 25, 2010.

On February 2, 2015, Rosado filed his first Section 2255 motion to vacate, set aside, or correct his sentence. *See* Ruben Rosado v. United States, Civ. No. 15-00718 (FLW). On March 1, 2018, this Court denied Rosado's motion as untimely and denied a certificate of appealability.

Civ. No. 15-00718, Dkt. No. 10.  On January 23, 2019, the Third Circuit denied Rosado's application for a certificate of appealability.[2]  Civ. No. 15-00718, Dkt. No. 18.

On February 4, 2019, Rosado filed an application with the Third Circuit for leave to file a second or successive habeas corpus petition.  *See* In re: Ruben Rosado, No. 19-1293 (3d Cir.). On February 25, 2019, the Court of Appeals temporarily stayed the case.  *See id.*  On August 19, 2019, the Court of Appeals granted Rosado permission to file a second or successive habeas corpus petition.  *See also In re Matthews*, 934 F.3d 296, 298, n.2 (3d Cir. 2019).

On August 22, 2019, Rosado filed the instant motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("Instant Motion").  *See* Dkt. No. 1.  In the Instant Motion, Rosado contends that his conviction under 18 U.S.C. § 924(c) should be vacated because his conviction for conspiracy to commit Hobbs Act robberies (Count One) does not constitute a crime of violence under § 924(c) in light of *United States v. Davis*, 139 S. Ct. 2319 (2019) and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).

The government filed its answer on December 26, 2019, ECF No. 8, and Rosado filed his reply brief on February 28, 2020.  ECF No. 11.

**II.    STANDARD OF REVIEW**

Title 28, United States Code, Section 2255 permits a court to vacate, correct, or set aside a sentence

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence

---

[2] On September 10, 2019, the Court construed Rosado's attempts to raise new claims for relief under Rule 60 as an effort to file a second or successive Section 2255 motion, and denied it for lack of jurisdiction.  Civ. No. 15-00718, Dkt. Nos. 21-22.

> was in excess of the maximum authorized by law, or is otherwise
> subject to collateral attack. . . .

28 U.S.C. § 2255.

A criminal defendant bears the burden of establishing his entitlement to § 2255 relief.  *See United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005).  Moreover, as a § 2255 motion to vacate is a collateral attack on a sentence, a criminal defendant "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (citing *United States v. Frady*, 456 U.S. 152, 166 (1982)).  In considering a motion to vacate a defendant's sentence, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (internal quotation marks and citation omitted).

The Court may dismiss the motion without holding an evidentiary hearing where the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.  *See* 28 U.S.C. § 2255(b); *Liu v. United States*, No. 11–4646, 2013 WL 4538293, at *9 (D.N.J. Aug. 26, 2013) (citing *Booth*, 432 F.3d at 545–46).  Moreover, the Third Circuit has "repeatedly emphasized that 'bald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing' on a habeas petition." *Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010) (citations omitted).

## III.   ANALYSIS

In the Instant Motion, Rosado contends that his conviction under § 924(c) should be vacated because his conviction for conspiracy to commit Hobbs Act robberies under Count One, does not constitute a crime of violence under Section 924(c) in light of *United States v. Davis*, 139 S. Ct. 2319 (2019) and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).

On June 26, 2015, the Supreme Court issued its decision in *Johnson v. United States*, 576 U.S. 591 (2015), and struck down as unconstitutionally vague the residual clause of the Armed

Career Criminal Act of 1984 ("ACCA").  On April 17, 2018, the Supreme Court held that a similarly-worded provision of 18 U.S.C. § 16(b) was also unconstitutionally vague.  *See Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).  On June 24, 2019, the Supreme Court held that the residual clause in 18 U.S.C. § 924(c)'s definition of "crime of violence" was also void for vagueness.  *United States v. Davis*, 139 S. Ct. 2319 (2019).

From the outset, the Court finds that it has jurisdiction over Rosado's motion because his claims rely on the rules announced in *Johnson*, *DiMaya*, and *Davis*, and it is "plausible on the face of" the Instant Motion that the District Court sentenced Rosado under the now-void residual clause.  *See Herrera-Genao v. United States*, No. 16-3786, 2020 WL 2520281, at *3–4 (D.N.J. May 18, 2020).  As a result, the Court may address the merits of Rosado's claims.  *See In re Matthews*, 934 F.3d at 301 ("Whether the Petitioners' crimes fall under the elements clause or the challenged residual clause is itself a merits inquiry.").

In his Motion, Rosado argues that his convictions do not qualify as crimes of violence under 18 U.S.C. § 924(c).  His argument is without merit.  Generally, § 924(c) prohibits the use or carrying of a firearm "during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A).  Prior to the Supreme Court's decision in *Davis*, the statute defined a "crime of violence" as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

In *Davis*, the Supreme Court held that the "residual clause," § 924(c)(3)(B), was unconstitutionally void for vagueness.  139 S. Ct. at 2336.  The "elements clause," §

924(c)(3)(A), however, remains valid, and an offense is now a "crime of violence" within the meaning of the statute only if it meets the definition contained in the elements clause. *See id.*

The Supreme Court in *Davis* also indicated that courts must use the categorical approach when deciding whether a conviction is a crime of violence under the elements clause. *See Davis*, 139 S. Ct. at 2328. As stated above, the elements clause defines a crime of violence as an offense that is a felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). To apply the categorical approach in the present case, this Court "must ask whether the minimum conduct punishable" under the relevant statutory provision qualifies as a crime of violence under the elements clause of § 924(c). *See Moncrieffe v. Holder*, 569 U.S. 184, 190-91 (2013) (explaining that, under the categorical approach, we "presume that the conviction rested upon nothing more than the least of the act criminalized, and then determine whether even those acts are encompassed by the generic federal [definition of § 924(c)]" (citations and internal quotation marks omitted)).

Rosado argues that "'Hobbs Act Conspiracy' does not meet overt act because a 'Crime of Violence' cannot . . . attach." Motion to Vacate at 5. Count Twenty-Six, however, did not predicate the § 924(c) charge on the conspiracy to commit Hobbs Act robbery conspiracy charged in Count One. Rather, Count Twenty-Six predicated the Section 924(c) offense on the armed bank robbery that was charged under Sections 2113(a) and 2113(d) in Count Twenty-Five. *See* Crim. No. 08-0284, Dkt. No. 71, Superseding Indictment at 32-33. Therefore, in order to overturn his Section 924(c) conviction, Rosado would have to demonstrate that § 2113(d) and § 2113(a) do not constitute crimes of violence under Section 924(c). He does not even attempt to do so in his motion. In any event, any such argument would be unavailing.

The Third Circuit has already held that a conviction for bank robbery under 18 U.S.C. § 2113(d) constitutes a crime of violence under the elements clause.  In *United States v. Johnson*, 899 F.3d 191, 204 (3d Cir. 2018), the Third Circuit observed that § 2113(d) provides penalties for a person who "in committing ... any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device."  *Id.* at 203–04.  Then, the Court reasoned that "assault[ing] someone or putting a life in jeopardy ... by the use of a dangerous weapon," satisfies the elements clause because it "has as an element the use, attempted use, or threatened use of physical force."  *Id.* at 204 (alteration in original) (quoting § 924(c)(3)(A)) (internal quotation marks omitted).  That is, one "cannot assault a person, or jeopardize his or her life with a dangerous weapon, unless one uses, attempts to use, or threatens physical force." *Id.*  Accordingly, the Third Circuit concluded that armed bank robbery under § 2113(d) is categorically a crime of violence under the elements clause of § 924(c).  *Id.*  Thus, Petitioner's conviction for armed bank robbery under § 2113(d) remains a valid predicate for his 924(c) conviction.

Even if Petitioner's conviction were for bank robbery by intimidation under § 2113(a), it would still qualify as a crime of violence sufficient to sustain Petitioner's § 924(c) conviction. Section 2113(a) is comprised of two distinct paragraphs:

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings

> and loan association and in violation of any statute of the United
> States, or any larceny--

As a threshold matter, the Court must determine if these two paragraphs are divisible. An indivisible statute contains a single set of elements that may "enumerate[ ] various factual means of commi[ssion]." *Mathis v. United States*, 579 U.S. 500, 506 (2016). By contrast, a statute is "divisible" when it "comprises multiple, alternative versions of the crime" *See Descamps v. United States*, 570 U.S. 254, 257 (2013). When a statute is divisible, and when some of the alternative elements require the use, attempted use, or threatened use of physical force while others do not, courts employ the so-called "modified" categorical approach. *Descamps*, 570 U.S. at 257. Under this approach, the court looks to a specific subset of materials, including the indictment and jury instructions, to determine which of the enumerated alternatives within the statute constituted the actual crime of conviction. *See Mathis*, 579 U.S. at 505-506.

Here, the Court concludes without difficulty that subsection 2113(a) is a divisible statute. *See, e.g., King v. United States*, 965 F.3d 60, 70 (1st Cir. 2020) (holding that § 2113(a) is a divisible statute); *see also United States v. Wilson*, 880 F.3d 80 84 n.3 (3d Cir. 2018) (leaving undisturbed the District Court's determination that § 2113(a) is a divisible statute "because it contain[s] two paragraphs, each containing a separate version of the crime"). As such, the Court analyzes only the first paragraph of § 2113(a), which comprises bank robbery "by force and violence, or by intimidation[.]"

In *United States v. Wilson*, 880 F.3d 80, 88 (3d Cir. 2018), the Third Circuit held that bank robbery by intimidation, as set forth in § 2113(a) categorically qualifies as a crime of violence under§ 4B1.2(a)'s "elements" clause, which is "nearly identically worded" to the elements clause of § 924(c)(3)(A). *Id.* at 83, 85 (citing *United States v. Hopkins*, 577 F.3d 507, 511 (3d Cir. 2009)).

The Third Circuit explained that "[w]hether the theft of money from a bank involved intimidation is determined under an objective standard and from the victim's perspective, i.e., whether an ordinary person in the ... teller's position reasonably could infer a threat of bodily harm from the defendant's acts." *Id.* at 85 (internal quotation marks omitted). Consequently, the Third Circuit "concluded that robbing a bank by intimidation," the minimum culpable conduct under § 2113(a), involves the "use, attempted use, or threatened use of physical force against the person of another." *Id.*

Although *Wilson* analyzed § 2113(a) bank robbery through the elements clause of § 4B1.2 of the Sentencing Guidelines, the Third Circuit's reasoning applies equally to § 924(c)'s elements clause. *See id.* at 83. As explained by the Third Circuit, because the definitions of "crimes of violence" are sufficiently similar under the Sentencing Guidelines and § 924(c)(3)(A), courts generally apply "authority interpreting one ... to the other." *Id.* (quoting *Hopkins*, 577 F.3d at 511) ("It is not a new question, though, because seven of our sister circuits have had to address this question and have concluded that bank robbery by intimidation does indeed qualify as a 'crime of violence' under § 4B1.2(a)(1) or the nearly identically worded 'elements' clause of ...18 U.S.C. § 924(c)(3)(A).").

In *Johnson*, *supra*, the Third Circuit relied on its decision in *Wilson*, 880 F.3d at 88, and concluded in dicta that § 2113(a) bank robbery by intimidation would also qualify as a "crime of violence under the § 924(c) elements clause." 899 F.3d at 204. The Third Circuit explained that Johnson was convicted under § 2113(d), rather than under § 2113(a), but that even if he were correct, the Court would have held that § 2113(a) bank robbery qualifies as a crime of violence. *See id.* As a result, several district courts in this Circuit have relied on *Johnson* and *Wilson* to conclude that § 2113(a) bank robbery is categorically a crime of violence. *See, e.g., Taylor v.*

*United States*, No. 16-3194, 2021 WL 4472990, at *4 (D.N.J. Sept. 30, 2021); *Ford v. United States*, No. 20-12241, 2021 WL 4306827, at *4 (D.N.J. Sept. 22, 2021); *United States v. Scott*, No. 09-72, 2021 WL 674250, at *10 (M.D. Pa. Feb. 22, 2021); *United States v. Caballero*, No. 08-73, 2021 WL 949450, at *3 (M.D. Pa. Mar. 12, 2021); *Herrera-Genao*, 2020 WL 2520281, at *4. This Court likewise concludes that § 2113(a) bank robbery qualifies as a crime of violence under the elements clause.

In his Traverse, Petitioner argues that his § 924(c) conviction must be vacated because he was convicted of aiding and abetting armed bank robbery under 18 U.S.C. § 2. Petitioner ignores that he was convicted of armed bank robbery in addition to aiding and abetting and admitted at his plea hearing that he and Green displayed guns during the commission and in furtherance of the armed bank robbery.[3] Moreover, *United States v. Styles*, No. 19-3217, 2022 WL 34126, at *2 (3d Cir. Jan. 4, 2022), the Third Circuit concluded that aiding and abetting under 18 U.S.C § 2 qualifies as a crime of violence so long as the substantive offense also qualifies as a crime of violence and the defendant knew of the commission of the substantive offense and acted with the intent to facilitate it. *See id.* (holding that aiding and abetting Hobbs Act robbery qualifies as a crime of violence under the elements clause of § 924(c)(3)(A)). The Third Circuit provided the following analysis:

> To establish aiding and abetting liability under 18 U.S.C §
> 2, the government must prove "(1) that the substantive crime has
> been committed; and (2) that the defendant charged with aiding
> and abetting knew of the commission of the substantive offense
> and acted with intent to facilitate it." *United States v. Petersen*, 622
> F.3d 196, 208 (3d Cir. 2010) (citation omitted). Because aiding and
> abetting liability requires the government to prove the substantive
> offense was committed, the government needs to prove every
> element of the substantive offense. Accordingly, aiding and

---

[3] That is, as a factual matter, it appears that Rosado's conviction was not under a theory of aiding and abetting.

> abetting liability includes all the same elements of the underlying
> substantive offense. If an element of physical force is required for
> a conviction under the substantive offense, the same element of
> physical force is required for a conviction under a theory of aiding
> and abetting.

*Styles*, 2022 WL 34126, at *2.  As noted by the Third Circuit, other circuits have also held that

aiding and abetting a crime of violence is itself a crime of violence under the elements clause of

§ 924(c)(3)(A).  *See, e.g., United States v. García-Ortiz*, 904 F.3d 102, 109 (1st Cir. 2018);

*United States v. McCoy*, 995 F.3d 32, 57–58 (2d Cir. 2021); *United States v. Ali*, 991 F.3d 561,

573–74 (4th Cir. 2021); *United States v. Richardson*, 948 F.3d 733, 741–42 (6th Cir. 2020); In re

Colon, 826 F.3d 1301, 1305 (11th Cir. 2016); *cf. United States v. Deiter*, 890 F.3d 1203, 1214–

16 (10th Cir. 2018) (holding that aiding and abetting federal bank robbery is a "violent felony"

under the elements clause of the Armed Career Criminals Act).  As the Fourth Circuit explained,

"aiding and abetting a crime has the exact same elements as the principal offense."  *Ali*, 991 F.3d

at 574.  Given this body of law, the Court also concludes that aiding and abetting armed bank

robbery qualifies as a crime of violence under the elements clause.

      In sum, Rosado is not entitled to relief because §§ 2113(d) and 2113 (a) bank robbery, as

well as aiding and abetting an armed bank robbery under § 2, are categorically crimes of

violence, and Rosado's § 924(c) conviction is plainly predicated on his armed bank robbery

conviction.  As such, the Court denies the Instant Motion.

### IV.    <u>CONCLUSION</u>

      The Court denies the Instant Motion and denies a certificate of appealability, as

reasonable jurists would not find the Court's assessment debatable.  *See* 28 U.S.C. § 2253(c)(2)

("A certificate of appealability is appropriate only if the petitioner "has made a substantial

showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An appropriate Order follows.

_s/Freda L. Wolfson 8/11/2022_
Freda L. Wolfson
U.S. Chief District Judge